**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

DEVIN L. COLEMAN,                          :
                                                          :
             Plaintiff,                             :
                                                          :
      v.                                                : Civ. No. 20-176-CFC
                                                          :
WARDEN DANA METZGER, et al.,      :
                                                          :
             Defendants.                         :

---

Devin L. Coleman, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.


**<u>MEMORANDUM OPINION</u>**


June 24, 2020
Wilmington, Delaware

CONNOLLY, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Devin L. Coleman ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1]  (D.I. 3)  His Amended Complaint is the operative pleading.  (D.I. 10) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I. 6)  He also seeks injunctive relief.  (D.I. 5)  The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

According to the Amended Complaint, on January 21, 2020, Plaintiff was removed from his cell, handcuffed, and taken to "the hole." (D.I. 10 at 2)  He was not given a disciplinary report, a hearing, investigation, or reason for his placement in "the hole." (*Id.*)  Plaintiff alleges his transfer to "the hole" violated Delaware Department of Correction ("DOC") Rule 4.2.  (*Id.* at 2, 8)  Plaintiff was wearing a pair of shorts, slippers, and a shirt.  (*Id.*)  That day the temperature was subfreezing, and he was given a choice either to go outside for recreation or to forfeit recreation.  (*Id.*)  Plaintiff opted to go outside.  After 45 minutes, he returned inside and was transferred to disciplinary segregation where he was held for 17 days.  (*Id.* at 3)  Plaintiff goes into great detail and complains that the conditions of confinement in disciplinary segregation are harsher than those in "regular" segregation.  (*Id.* at 3-7)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff wrote and spoke to Defendants about the conditions and complained that he had not been served with a write-up or disciplinary report of any kind. (*Id.* at 7-8)  He alleges Defendants violated his rights to due process and equal protection, and that he was subjected to cruel and unusual punishment. (*Id.* at 9)  He seeks declaratory relief and punitive damages. (*Id.*)

Prior to filing the Amended Complaint, Plaintiff filed a motion for injunctive relief for an immediate hearing for his release from disciplinary segregation. (D.I. 5)  The motion will be denied as moot given the allegations that Plaintiff is no longer housed in disciplinary segregation.[2]

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of*

_____

[2] According to Vinelink, a web-site that provides updated custody status and criminal case information for inmates housed within the Delaware Department of Correction, Plaintiff is no longer housed at JTVCC and is on probation/parole with supervised custody status in Dover, Delaware. *See* ttps://vinelink.vineapps.com/person-detail/offender/2586567;tabIndexToSelect=0 (last visited June 17, 2020).  Plaintiff has not provided the Court with his new address.

3

*Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell*

4

*Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted).  In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).  Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief.  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

5

## IV.    DISCUSSION

### A.    Due Process

Plaintiff alleges that he was held in "the hole" for less than a day and in disciplinary segregation for 17 days. He complains that while housed in disciplinary segregation he was subjected to "atypical" conditions worse than those in "regular" segregation, all in violation of his constitutional rights.

The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Connor*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). State-created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484).

In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d at 532 (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). Because of the limited duration of time Plaintiff spent in "the hole" and in disciplinary segregation, he fails to state a constitutional claim on the facts alleged. *See Fantone v. Herbik*, 528 F. App'x 123, 129 (3d Cir. 2013) (finding no procedural due process claim when inmate complained of 35 days in isolation, and the court stating, "we have held that this type confinement does not constitute an "atypical and significant hardship" so as to trigger due process rights."); *Young v. Beard*, 227 F. App'x 138, 141 (3d Cir. 2007) (finding

6

inmate sentenced to an aggregate of 930 days in disciplinary confinement without dayroom or telephone privileges did not constitute an atypical and significant hardship sufficient to trigger a liberty interest under *Sandin*); *Griffin v. Vaughn*, 112 F.3d at 706 (finding that fifteen months in segregation was not an atypical and significant hardship); *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (stating that seven months' disciplinary confinement "does not, on its own, violate a protected liberty interest as defined in [*Sandin*].").

To the extent Plaintiff claims that he did not receive the procedural due process to which he was entitled, because he did not receive a disciplinary report, hearing, or an investigation, again he cannot prevail. If "restraints on a prisoner's freedom are deemed to fall 'within the expected perimeters of the sentence imposed by a court of law,' "then the prisoner does not have a "protected liberty interest" and the "state owed him no process before placing him in disciplinary confinement." *Mitchell v. Horn*, 318 F.3d at 531; *see also Henderson v. Kerns-Barr*, 313 F. App'x 451, 452 (3d Cir 2008) (assuming that plaintiff was not afforded the protections called for by *Wolff*, because the sanction of 90 days disciplinary confinement did not affect the inmate's release date, there was no liberty interest and, therefore, no trigger of due process rights). According to the allegations, Plaintiff spent less than a day in "the hole" and 17 days in disciplinary segregation, an amount of time that does not implicate a protected liberty interest. Therefore, he lacks the requisite liberty interest to implicate a due process violation and the due process claims will be dismissed.

### B.    Conditions of Confinement

Plaintiff complains of the conditions of confinement while he was housed in "the hole" in disciplinary segregation.  The Eighth Amendment "prohibits any punishment which violates civilized standards and concepts of humanity and decency."  *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992), superseded by statute on other grounds as stated in *Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000) (citations omitted).  To prevail against prison officials on a claim that an inmate's conditions of confinement violated the Eighth Amendment, the inmate must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious," and (2) the "prison official must have a sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).  The first element is satisfied when an inmate is deprived of "the minimal civilized measure of life's necessities."  *Wilson v. Seiter*, 501 U.S. 294, 299 (1991).  The second element is satisfied when an inmate shows that prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights.  *Id.* at 302-03.  *See also Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020).

Courts recognize that when considering whether conditions of confinement violate the Eighth Amendment, "the Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes, cannot be free of discomfort."  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *Id*. at 342.  Even though Plaintiff's relatively short confinement in disciplinary segregation may have been unpleasant,

8

because the conditions of that confinement were not foul or inhumane, and were supported by some penological justification, they do not violate the Eighth Amendment. *See e.g.*, *Young*, 960 F.2d at 364.

As pled, Plaintiff has failed to state a claim that Defendants violated his constitutional rights.  The alleged conditions do not rise to the level of a constitutional violation and Plaintiff was housed under those conditions for a very short time. Therefore, the conditions of confinement claims will be dismissed.

### C.     DOC Rule 4.2

Finally, Plaintiff alleges that his placement in "the hole" and disciplinary segregation violated DOC Rule 4.2.  "To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005).  "[Section] 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).  State regulations such as DOC policies and rules do not give rise to a liberty interest.  *See Rambert v. Beard*, 2012 WL 760619, at *13 (M.D. Pa. Mar. 7, 2012) (compiling cases and holding that "state regulations in and of themselves do not create a liberty interest" in the disputed DOC procedure at issue).

Here, Rule 4.2 is neither a provision in the Constitution, nor federal law.  It is a DOC rule.  Defendants' alleged failure to follow Rule 4.2  is not itself a violation subject to § 1983.  Therefore, the claim will be dismissed.

## V.    CONCLUSION

For the above reasons, the Court will:  (1) deny as moot Plaintiff's motion for injunctive relief (D.I. 5); and (2) dismiss the Amended Complaint as legally frivolous and for failure to state claims upon which relief may be granted pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).  Plaintiff will be given leave to file a second amended complaint.

An appropriate order will be entered.